NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ALVES, Plaintiff-Appellant, v. HEWLETT-PACKARD COMPREHENSIVE WELFARE BENEFITS PLAN; HEWLETT-PACKARD ENTERPRISE COMPANY, Defendants-Appellees. | No. 18-55819 D.C. No. 2:16-cv-09136-RGK-JEM MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 15, 2019**
Pasadena, California

Before: M. SMITH, MILLER, and COLLINS, Circuit Judges.

Plaintiff-Appellant Alves challenges ERISA Plan Administrator Sedgwick's

(Sedgwick) termination of his short-term disability benefits, and denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for long-term disability benefits, under the Hewlett Packard Enterprise Comprehensive Welfare Benefits Plan (Plan). Alves, a former technology consultant, suffers from congestive heart failure and other ailments. Sedgwick determined that Alves's condition did not prevent him from continuing to perform his largely sedentary job duties. After a bench trial on the papers, the district court upheld Sedgwick's decisions as to both types of benefits.

We affirm the district court's judgment insofar as it upholds Sedgwick's termination of Alves's short-term disability benefits under the Plan. Sedgwick's determination that Alves was not "Totally Disabled," and able to perform his sedentary work duties, was supported by the record and was not an abuse of discretion. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (enbanc)).

However, we vacate the district court's judgment affirming the denial of Alves's long-term disability benefits appeal, and remand to the district court with instructions to remand to Sedgwick for it to redo its evaluation and correctly apply the terms of the Plan. *See Pannebecker v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1213, 1221 (9th Cir. 2008) (citing *Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 460–61 (9th Cir. 1996)). Sedgwick abused its discretion in denying Alves's appeal on the ground

2

that he failed to meet the one-week "waiting period" provided in the Plan, even though Alves, who validly received short-term benefits for several months, clearly met the requirement. *See Salomaa*, 642 F.3d at 678.

On remand, we remind Sedgwick that, to the extent that its decision is based on a medical judgment, it must "consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment," 29 C.F.R. § 2560.503-1(h)(3)(iii), and "who is neither an individual who was consulted in connection with the adverse benefit determination that is the subject of the appeal, nor the subordinate of any such individual," 29 C.F.R. § 2560.503-1(h)(3)(v).

Accordingly, we PARTIALLY AFFIRM and PARTIALLY VACATE the district court's judgment, and REMAND to the district court with instructions to remand to Sedgwick for a redetermination of Alves's long-term disability benefits appeal. We award the costs on appeal to Alves. 29 U.S.C. § 1132(g)(1).